USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: NOV 29 2012

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SHERRY KRAPF, ET AL.,

                Plaintiffs,

-v-

FOURTH WALL RESTAURANTS, LLC, ET AL.,

                Defendants.
------------------------------------------------------------X

11 Civ. 6549 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

     In response to this Court's order dated October 22, 2012, the parties submitted letters addressing whether the language proposed by Defendants must be included in the Rule 23 Notice of Pendency (the "Notice") to be sent to potential class members. Pursuant to Rule 23(c)(2)(B), the Notice must "clearly and concisely state in plain, easily understood language: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3)." Having reviewed the parties' letters, the Court finds that Defendants' proposed language is not required by Rule 23.

     Defendants first contend that Plaintiffs should include language in the Notice referring to a stamped envelope that potential class members can use should they choose to submit an opt out form and thereby opt out of the class. Defendants further contend that Plaintiffs should provide such envelopes. However, Defendants state no basis for imposing such an obligation on Plaintiffs. While it is true that Plaintiffs must bear the cost of notice to potential class members, Defendants have not explained why Plaintiffs are therefore obligated to bear the costs associated with opting out of this action.

     Defendants next assert that the Notice should contain language indicating that class members may be obligated to disclose their tax returns if they choose to participate in this

1

litigation. However, Defendants cite no authority for allowing, let alone *requiring*, such language in a Rule 23 notice. Indeed, tax returns are only discoverable if the party seeking production can demonstrate both (a) that the returns are relevant, and (b) that there is a "compelling need" for production of the returns because the relevant information they would reveal is not otherwise readily obtainable. *Ellis v. City of New York*, 243 F.R.D. 109, 112 (S.D.N.Y. 2007). Requiring Defendants' proposed language to be included in the Notice is unwarranted given that there has been neither a request nor the requisite showing for such discovery.

Finally, Defendants argue that the Notice should include language indicating that class members may be required to participate in discovery. Nothing in Rule 23 requires such language. Moreover, discovery from class members other than the named plaintiffs would only be appropriate following a strong showing that such discovery (1) is needed for the purposes of trial or the issues common to the class, (2) is narrowly tailored, (3) will impose undue burden on the absent class members, and (4) is not available from representative plaintiffs. *In re Warner Chilcott Sec. Litig.*, 2008 U.S. Dist. LEXIS 7613, at *5 (S.D.N.Y. Feb. 4, 2008). Given the narrow circumstances under which such discovery would be available, Defendant's proposed language is unnecessary in a Rule 23 notice. The Court would also note that *Shajan v. Barolo*, 2010 U.S. Dist. LEXIS 54581 (S.D.N.Y. June 2, 2010), cited by Defendants, is distinguishable because it included such language in the context of a F.L.S.A. collective action notice and not a Rule 23 notice.

For the forgoing reasons, the Court finds that the language proposed by Defendants is not required by Rule 23. It is hereby ORDERED that on or before **December 28, 2012** either the parties submit a stipulation of class certification and a proposed Notice of Pendency to the Court or Plaintiffs file a motion for class certification.

SO ORDERED.

Dated: November 29, 2012
New York, New York

_____
ALISON J. NATHAN
United States District Judge