USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: April 29, 2014

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
SHERRY KRAPF and JULIA MORASCO,
on behalf of themselves and other similarly
situated individuals,

          **Plaintiffs,**

    v.

FOURTH WALL RESTAURANTS, LLC
d/b/a QUALITY MEATS RESTAURANT,
and MICHAEL STILLMAN,

          **Defendants.**
------------------------------------------------------------x

11 Civ. 6549 (KPF)

<u>ORDER AND JUDGMENT</u>

### FINAL JUDGMENT AND ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT

Having considered Plaintiffs' Motion for Final Approval, the supporting memorandum of law, the Declaration of Matthew Kadushin and exhibits thereto, the Declaration Christopher Walsh, and the oral arguments presented at the April 28, 2014 Fairness Hearing; and the complete record in this matter, for the reasons set forth therein and stated on the record at the Fairness Hearing and for good cause shown,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED, THAT:**

1. This Order incorporates by reference the definitions in the parties' Joint Stipulation of Settlement and Release (the "Settlement Agreement") dated November 27, 2013, and all capitalized terms used in this Final Judgment shall have the same meanings as set forth in the Settlement Agreement, unless otherwise defined herein.

2. The Court grants final certification to the Class for the purposes of settlement only pursuant to Rule 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure. *See, e.g.*, *Shahriar v. Smith & Wollensky Rest. Group, Inc.*, 659 F.3d 234, 250-53 (2d Cir. 2011).

1

3. The Court also grants final certification to the FLSA Collective Action for the purposes of settlement only pursuant to 29 U.S.C. § 216(b).

4. Defendants must remit the settlement payment within forty (40) days.

5. The $940,000.00 settlement amount is substantial and includes meaningful payments to Class Members. In reaching this conclusion, the Court is satisfied that the Settlement was fairly and honestly negotiated. It was the result of vigorous arm's-length negotiations, which were undertaken in good faith by counsel with extensive experience in litigating wage and hour class actions, and serious questions of law and fact exist such that the value of an immediate recovery outweighs the mere possibility of further relief after protracted and expensive litigation. *See D'Amato* v. *Deutsche Bank*, 236 F.3d 78, 85 (2d Cir. 2001).

6. The Parties' judgment that the Settlement is fair, reasonable and adequate, as well as the Class' favorable response to the Settlement, weigh in favor of final approval of the Settlement.

7. The Court also approves the FLSA Settlement as it "'reflects a reasonable compromise over contested issues.'" *Meigel* v. *Flowers of the World, NYC, Inc.*, No. 11 Civ. 465 (KBF), 2012 WL 70324, at *1 (S.D.N.Y. Jan. 9, 2012) (quoting *Johnson* v. *Brennan*, No. 10 Civ. 4712 (CM), 2011 WL 4357376, at *12 (S.D.N.Y. Sept. 16, 2011)).

8. This Court awards Class Counsel slightly less than one-third of the total settlement amount, or $308,333.33, as attorneys' fees and $5,120.74 as costs to be paid from the Settlement Fund.

9. The Court finds that the amount of fees requested is fair and reasonable using the "percentage of recovery" method, which is consistent with the trend in the Second Circuit. *Capsolas* v. *Pasta Resources Inc.*, No. 10 Civ. 5595, 2012 WL 4760910, at *8 (S.D.N.Y. Oct. 5,

2012); *see also Duchene* v. *Michael Cetta, Inc.*, No. 06 Civ. 4576, 2009 WL 5841175, at *3 (S.D.N.Y. Sept. 10, 2009); *Hicks* v. *Morgan Stanley & Co.*, No. 01 Civ. 10071, 2005 WL 2757792, at *8-10 (S.D.N.Y. Oct. 24, 2005).

10. Class Counsel's request for slightly less one-third of the Settlement Fund is also consistent with the trend in this Circuit. *Mohney* v. *Shelly's Prime Steak, Stone Crab & Oyster Bar*, No. 06 Civ. 4270, 2009 WL 5851465, at *5 (S.D.N.Y. Mar. 31, 2009) (collecting cases); *see also Capsolas*, 2012 WL 4760910, at *8.

11. The attorneys' fees requested were entirely contingent upon success in this Lawsuit. Class Counsel expended significant time and effort and advanced costs and expenses without any guarantee of compensation.

12. The requested attorneys' fees are also reasonable in relation to Class Counsel's lodestar of $ 146,775. *See Beckman* v. *KeyBank, N.A.*, 293 F.R.D. 467, 481 (S.D.N.Y. 2013) ("Courts regularly award lodestar multipliers of up to eight times the lodestar, and in some cases, even higher multipliers.").

13. This Court awards the Claims Administrator its reasonable fees, subject to Class Counsel's review of the Claims Administrator's invoices, in administering this settlement, to be paid out from the Settlement Fund.

14. This Court approves an Enhancement Awards to Plaintiffs Sherry Krapf and Julio Morasco in the amount of $7,500 and Opt-in Jamie Kereszi in the amount of $5,000, for a total of $20,000.00.  These Enhancement Awards are reasonable in light of the efforts these individuals expended in furthering the interests of the Class.

15. The entire Lawsuit is dismissed with prejudice and without costs to any party. All Class Members, except those individuals who timely and validly opted-out of the Settlement, are barred and permanently enjoined from participating in any other individual or class lawsuit against the Releasees concerning the Released Claims.

16. Without affecting the finality of this Judgment and Order, the Court reserves continuing and exclusive jurisdiction over parties to the Settlement Agreement to administer, supervise, construe, and enforce the Settlement Agreement in accordance with its terms for the mutual benefit of the parties.

17. The Parties having so agreed, good cause appearing, and there being no just reason for delay, it is expressly directed that this Final Judgment and Order be, and hereby is, entered as a final order.

Dated: April 29, 2014
      New York, New York

_____
Hon. Katherine Polk Failla
United States District Judge